# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT MALLEY and WILLIAM C. LIGETTI, on behalf of the TRUSTEES OF THE IRON WORKERS WELFARE PLAN OF WESTERN PENNSYLVANIA, IRON WORKERS OF WESTERN PENNSYLVANIA PENSION PLAN AND THE IRON WORKERS OF WESTERN PENNSYLVANIA PROFIT SHARING PLAN, and as agents for THE IRONWORKER EMPLOYERS ASSOCIATION OF WESTERN PENNSYLVANIA, INC., THE INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL AND ORNAMENTAL IRON WORKERS, LOCLA UNION NO. 3, AFL-CIO, <br><br> Plaintiffs, <br><br> v. <br><br> USA CONCRETE CONSTRUCTION, INC., <br><br> Defendant. | Civil Action No. 08-1486 <br><br> Magistrate Judge Cathy Bissoon |

## MEMORANDUM ORDER

Pending before the Court is Plaintiffs' Motion for Alternate Service (Doc. 2) through which Plaintiffs seek an Order from this Court allowing them to serve Defendant USA Concrete Construction, Inc. by First-Class U.S. Mail. Given the nature of the Motion and the fact that Defendant has not been served, Defendant has not filed a response. For the reasons that follow, Plaintiffs' Motion for Alternate Service (Doc. 2) is denied without prejudice.

## BACKGROUND

Plaintiffs filed their Complaint with this Court on October 22, 2008. Plaintiffs have attempted to serve the Summons and Complaint upon Defendant by certified mail at 145 Nulf

Drive, Columbiana, Ohio 44408. (Pls' Mot. at ¶ 2.) According to Plaintiffs' Motion, the United States Postal Service ("USPS") made three attempts to deliver the Summons and Complaint to no avail. Id. at ¶ 3. The USPS, therefore, returned the Summons and Complaint to Plaintiffs as "unclaimed." Id. Plaintiffs allege that Defendant "refuses to pick up its certified mail at its post office in Columbiana, Ohio." Id. at ¶ 4. Plaintiffs now move, pursuant to Federal Rule of Civil Procedure 4 and Pennsylvania Rule of Civil Procedure 430, for permission to serve Defendant by "postage prepaid, U.S. first class mail at 145 Nulf Drive, Columbiana, Ohio 44408." See id. at 2.

**ANALYSIS**

Under Federal Rule of Civil Procedure 4(h), a plaintiff may serve a corporation either (1) "in the manner prescribed by [Federal] Rule 4(e)(1) for serving an individual" or (2) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h). Federal Rule 4(e)(1), referenced in the former method, directs a plaintiff to follow "state law for serving a summons . . . ." Fed. R. Civ. P. 4(e)(1).

Pennsylvania Rule of Civil Procedure 404, which governs service of a summons and complaint outside of Pennsylvania,[1] permits service in one of several ways, including, inter alia: (1) "by a competent adult in the manner provided by Rule 402(a)" or (2) "by mail in the manner provided by Rule 403," e.g., return receipt mail. Pa. R. Civ. P. 404(1)-(2). Rule 402(a), in relevant part, provides that a plaintiff may serve the defendant personally or serve the defendant's agent or person in charge of the "office or usual place of business" of defendant. Pa. R. Civ. P. 402(a). If service is attempted through return receipt mail under Rules 404(2) and 403

---

[1] Defendant USA Concrete Construction, Inc. is alleged to have a principal place of business at 145 Nulf Drive, Columbiana, Ohio 44408. Pls' Mot. at ¶ 2; see also Pls' Compl. (Doc. 1) at ¶ 4.

and the mail is "returned with notation by the postal authorities that it was unclaimed, the plaintiff shall make service by another means pursuant to these rules." Pa. R. Civ. P. 403(2).

Rule 430, upon which Plaintiff's Motion is premised, provides:

> If service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service. The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made.

Pa. R. Civ. P. 430(a). To obtain leave for alternate service, a plaintiff must show (1) "a good faith effort to locate the Defendant"; (2) that "practical efforts to serve Defendant" have been undertaken; and (3) that "the proposed alternate method of service is reasonably calculated to provide the defendant with notice of the proceedings against [it]." Clark v. Tennessee Shell Co., Inc., No. 07-1579, 2008 WL 1944124, at *1 (W.D. Pa. May 1, 2008) (McVerry, J.) (citing Calabro v. Leiner, 464 F. Supp. 2d 470 (E.D. Pa. 2006)). A request for alternate service is an extraordinary remedy and should be granted only if service cannot be made under any other applicable rule of civil procedure. See Flannigan v. Borough of Ambridge, No. 06-1350, 2007 WL 404010, at *1 (W.D. Pa. Feb. 1, 2007) (Caiazza, J.).

Here, Plaintiffs have failed to show that "service cannot be made" under any applicable rule. As such, the Court concludes that Plaintiffs' Motion is premature and should be denied without prejudice. According to their Motion, the **only** method of service that Plaintiffs have attempted thus far is service by certified mail, presumably under Federal Rules 4(h)(1)(A) and 4(e)(1). Plaintiffs have not yet attempted any other method of service provided for under Federal Rule 4(h), namely service upon an "officer, a managing or general agent, or any other agent authorized . . . to receive service of process . . . ." See Fed. R. Civ. P. 4(h)(1)(B).

Plaintiffs' cursory Motion raises more questions than it answers. It is unclear, for example, whether Plaintiffs have attempted to identify or verify Defendant's officers or agents upon whom the Summons and Complaint could be served. It is equally unclear whether Plaintiffs have even attempted to verify the accuracy of the Columbiana, Ohio address to which they mailed their Summons and Complaint. Indeed, that the certified mail was returned as "unclaimed" may suggest that the Columbiana, Ohio address is inaccurate. In this regard, the Court notes that Plaintiffs' assertions that Defendant has "obstructed service," "concealed [its] whereabouts," (Pls. Mot. at 2) or has "refuse[d] to pick up the certified mail at the post office in Columbiana, Ohio" (id. at ¶ 4) are wholly unsupported. In short, Plaintiffs have failed to demonstrate that they have exhausted all efforts to locate and serve Defendant.

The Court further notes that the mere fact that the United States Postal Service returned the Summons and Complaint to Plaintiffs as "unclaimed" is an insufficient reason to invoke the extraordinary remedy of an order for alternate service. Indeed, in circumstances where certified mail is returned as "unclaimed," Pennsylvania's procedural rules require Plaintiffs to attempt service by "another means." Pa. R. Civ. P. 403(2). Again, Plaintiffs have not yet attempted service by other means, namely service upon an officer, agent, or registered agent of Defendant. For all of these reasons, Plaintiffs' Motion is premature and is denied without prejudice.

Plaintiffs may re-file their motion should the other methods of serving Defendant fail. If Plaintiffs re-file their motion, Plaintiffs are reminded of the requirements of Pennsylvania Rule 430. In this regard, the Court observes that Plaintiffs' present Motion, in addition to being premature, is substantively deficient. Contrary to the express requirements of Rule 430, Plaintiffs failed to include with their Motion "an affidavit stating the nature and extent of the investigation which ha[d] been made to determine the whereabouts of the defendant and the

reasons why service [could not] be made." Pa. R. Civ. P. 430(a). Moreover, Plaintiffs utterly have failed to articulate any basis for seeking alternate service, including that (1) they made a good faith effort to locate Defendant; (2) they undertook practical efforts to serve Defendant; or (3) that the proposed alternate method of service, e.g., First-Class Mail, is "reasonably calculated" to provide Defendant with notice of the instant action. Indeed, that the certified mail thus far has been returned as "unclaimed" suggests that service by mail may not be reasonably calculated to provide notice. See Clark, 2008 WL 1944124, at *1 (stating that the proposed alternative method of First-Class Mail was not "reasonably calculated to provide 'actual notice" to Defendants," noting that "mailings to the last known business address have been unclaimed."). Thus, Plaintiffs have not satisfied their burden under Rule 430.[2]

## **CONCLUSION**

For all the reasons stated above, the Court hereby **ORDERS** that Plaintiffs' Motion for Alternate Service (Doc. 2) by postage prepaid, U.S. First Class Mail is **DENIED** without prejudice.

**IT IS SO ORDERED**.

s/ Cathy Bissoon<br>
Cathy Bissoon<br>
U.S. Magistrate Judge

December 3, 2008

cc: Jeffrey J. Leech, Esq. (via email)

---

[2] The Court notes that Pennsylvania Rules of Civil Procedure appear to already allow for service by the very "alternate method" that Plaintiffs seek under specific circumstances. Pennsylvania Rule 403(1) provides that if service by return receipt mail is rejected and the mail is returned with a notation that "the defendant **refused** to accept the mail, the plaintiff shall have the right of service by mailing a copy to the defendant at the same address by ordinary mail with the return address of the sender appearing thereon. Service by ordinary mail is complete if the mail is not returned to the sender within fifteen days after mailing." Pa. R. Civ. P. 403(1) (emphasis added).